02D01-2106-CT-000300

Allen Superior Court 1

Filed: 6/2/2021 12:31 PM
Clerk
Allen County, Indiana
BB

| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

TERRISHA S. EASTERLY )
)
    Plaintiffs, )
)
v. )
)
ST. ANNE HOME OF THE DIOCESE OF )
FORT WAYNE-SOUTH BEND, INC., )
)
    Defendant. )

## COMPLAINT

Plaintiff Terrisha S. Easterly alleges against Defendant that:

1. This is a proceeding under the Family First Corona Virus Response Act ("FFCRA") wherein Plaintiff Terrisha S. Easterly complains that Defendant St. Anne Home of the Diocese of Fort Wayne-South Bend, Inc., discriminated against her, retaliated against her, and terminated her and reduced her hours on account of testing positive for the Covid-19 Corona Virus, as well as violating Plaintiff's rights under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et. seq.*

2. Plaintiff Terrisha S. Easterly resides in Allen County, Indiana City of Fort Wayne, state of Indiana.

3. The Defendant is St. Anne Home of the Diocese of Fort Wayne-South Bend, Inc., is a corporation authorized to do business in the state of Indiana and does so at 1900 Randallia Drive, Fort Wayne, Indiana 46805. Its registered agent is Father Mark Gurtner, located at 915 S. Clinton Street, Fort Wayne, Indiana 46802.

—1—



4. While employed for the Defendant, Plaintiff worked as a Certified Nursing Assistant.

5. In October 2020, Plaintiff was reduced to a PRN employee (as needed) and her hours were reduced, and Plaintiff was told that if she did not get a Covid-19 test she would be terminated.

6. On or about November 13, 2020, Plaintiff was tested for Covid-19 at her physician's office. On November 15, 2020, Plaintiff's doctor's office called her to confirm that she had tested positive. Plaintiff informed Defendant immediately of her positive Covid-19 test. Plaintiff left voicemails with St. Anne's HR Director, Nursing Director, and Administrator, but no one called the Plaintiff back. So, Plaintiff called the Scheduler who told Plaintiff to send her positive test result to work. Plaintiff sent the positive test result over the phone as she was instructed to do.

7. On December 2, 2020, Plaintiff asked if there was an update on her situation and Plaintiff was told that Defendant was sticking with its initial determination to terminate the Plaintiff.

8. Plaintiff challenged her termination which was affective November 27, 2020, because, as Plaintiff explained to Defendant, she got her test within a month after she was told to. Defendant gave the pretextual reason that Plaintiff was fired because she did not get her test done at St. Anne's Home, but Plaintiff was allowed by Defendant to get the test done at her doctor's office which she did, and she promptly provided the results of her positive test to the Defendant.

9. Plaintiff needed time off work to quarantine per CDC Guidelines, as her positive Covid-19 test was a serious health condition for which Plaintiff should have been

advised by Defendant of her entitlement to FMLA leave. But Plaintiff was denied FMLA leave, and she was denied all of the benefits to which she was entitled under the FFCRA.

10. Plaintiff went to her physician on December 1, 2020 to see if she was negative or positive for Covid-19, and Defendant knew that Plaintiff was trying to determine whether she was positive or negative and still fired the Plaintiff effective November 27, 2020.

11. Plaintiff's termination was in violation of the FMLA and the FFCRA, as Plaintiff was denied substantive benefits to which she was entitled (medical leave and return to work), she was retaliated against for having a serious health condition and requesting time off, and her job was interfered with as a result of reporting her serious health condition (positive Covid-19) and requesting leave and taking quarantine time under the FMLA/FFCRA.

12. As a direct and proximate result of Defendant's violations of the FFCRA and FMLA, Plaintiff lost her job and job-related benefits, including income. Plaintiff suffered backpay, loss of benefits, and she will experience a loss of front pay in the future.

13. Defendant's actions in violating Plaintiff's rights under the FMLA and FFCRA were intentional and in reckless disregard of Plaintiff's federally protected civil rights, warranting an imposition of liquidated damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for backpay, liquidated damages, reasonable attorney's fees and costs, and for all other just and proper relief available under the FMLA and the FFCRA.

## **JURY DEMAND**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

                                                  Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:      cmyers@myers-law.com
ismith@myers-law.com
*Counsel for Plaintiff*